**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. CR06-0116** |
| **vs.** | **REPORT AND RECOMMENDATION** |
| **MICHAEL ALAN ALLEBACH,** | |
| **Defendant.** | |

This matter comes before the court pursuant to the defendant's October 10, 2006, motion to suppress evidence (docket number 12). This matter was referred to the undersigned United States Magistrate Judge for issuing of a report and recommendation. It is recommended that the motion to suppress be denied.

In the defendant's motion to suppress, he contends that a search warrant issued on November 29, 2005, by the Iowa District Court in and for Linn County lacked probable cause for the search of his residence. The defendant further contends that the warrant is so lacking in probable cause that a reasonable law enforcement officer could not rely upon the judge's finding of probable cause in good faith. He also moves to suppress admissions made by him as "fruit of the poisonous tree." The government contends that probable cause supported the warrant and that, in any event, the evidence in this case is saved from suppression by reason of the good-faith exception to the exclusionary rule.

Facts

On November 29, 2005, a state court judge issued a search warrant for the residence located at 3803 Cedar Grove Court, N.E., Cedar Rapids, Iowa. The search warrant was issued to search for controlled substances and other indicia of drug possession, packaging, and distribution. It is based on the affidavit of Cedar Rapids Police Officer Chip Joecken, an officer with 8-1/2 years of experience at the time.

The warrant affidavit begins with paragraphs A) through T) describing typical patterns of drug traffickers. As it pertains to the residence at issue herein, Joecken stated the following:

> ON 7-1-05, THE CEDAR RAPIDS POLICE DEPARTMENT NARCOTICS DIVISION RECEIVED INFORMATION THAT THERE IS FREQUENT SHORT TERM VEHICLE TRAFFIC DAY AND NIGHT AT THIS RESIDENCE. THE SUBJECTS ARE MOSTLY MIDDLE AGED ADULTS. LIEUTENANT JERRY POTTER ALSO RECEIVED INFORMATION FROM NEIGHBORS THAT THERE IS LONG AND SHORT TERM TRAFFIC AT ALL HOURS OF THE DAY. LT. POTTER STATED THE HOMEOWNER IS MICHAEL ALLEBACH.
>
> ON 11/23/05, INV. BRIAN FREEBERG AND THE AFFIANT WENT TO 3803 CEDAR GROVE COURT NORTHEAST BECAUSE THIS IS THE TRASH PICK UP DAY FOR THIS AREA OF CEDAR RAPIDS, IOWA. THE AFFIANT TOOK TWO WHITE PLASTIC TRASH BAGS AND A RED VON MAUR BAG FROM A BLACK TRASH CAN THAT HAD A LID ON IT. THE BLACK TRASH CAN WAS JUST OFF THE CURB IN THE DRIVEWAY OF THE HOUSE BY THE MAILBOX AND MAILBOX SUPPORT POST. THE THREE BAGS WERE PLACED INTO THE VEHICLE INV. FREEBERG WAS DRIVING. THE THREE BAGS WERE TAKEN BACK TO THE POLICE STATION TO BE SORTED. AT THE POLICE STATION INV. FREEBERG AND THE AFFIANT FOUND THE FOLLOWING: IN ONE OF THE WHITE PLASTIC TRASH BAGS, INV. FREEBERG FOUND TWO CORNER KNOTS TORN FROM PLASTIC BAGS, BRILLO, AND FOUR PLASTIC BAGS. ONE OF THESE PLASTIC BAGS HAD A WHITE RESIDUE IN IT. THERE WAS ALSO A DOCUMENT TO MICHAEL A. ALLEBACH OF 3803 CEDAR GROVE COURT NORTHEAST, CEDAR RAPIDS, IOWA, (1-VICTORIA SECRET). IN THE OTHER WHITE PLASTIC TRASH BAG, THE AFFIANT FOUND BRILLO, A WHITE FILM CANISTER WITH A WHITE RESIDUE IN IT, AND THREE PLASTIC BAGS. IN ONE OF THESE PLASTIC BAGS THERE WAS WHITE RESIDUE INSIDE

THE PLASTIC BAG. THERE WERE ALSO TWO DOCUMENTS TO MICHAEL A. ALLEBACH OF 3803 CEDAR GROVE COURT NORTHEAST, CEDAR RAPIDS, IOWA, (1-WELLMARK HEALTH PLAN OF IOWA) (2-CAPITAL ONE). THE AFFIANT FIELD-TESTED BOTH PLASTIC BAGS WITH THE WHITE RESIDUE INSIDE. THE FIELD-TESTS ON EACH PLASTIC BAG WERE BOTH POSITIVE FOR COCAINE.

The affidavit further shows that the warrant had been reviewed and approved by Assistant County Attorney Jerry Vander Sanden.

## CONCLUSIONS OF LAW

Because the evidence sought to be suppressed was gathered pursuant to a search warrant, the court employs the standard set forth in Illinois v. Gates, 462 U.S. 213 (1983), to determine the existence of probable cause. It is well established that a warrant affidavit must show particular facts and circumstances in support of the existence of probable cause sufficient to allow the issuing judicial officer to make an independent evaluation of the application for a search warrant. The duty of the judicial officer issuing a search warrant is to make a "practical, commonsense decision" whether a reasonable person would have reason to suspect that evidence would be discovered, based on the totality of the circumstances. United States v. Peterson, 867 F.2d 1110, 1113 (8th Cir. 1989). Sufficient information must be presented to the issuing judge to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusion of others. Gates, 462 U.S. at 239. However, it is clear that only the probability, and not a prima facie showing, of criminal activity is required to establish probable cause. Id. at 235.

This court does not review the sufficiency of an affidavit de novo. An issuing judge's determination of probable cause should be paid great deference by reviewing courts. Id. at 236. The duty of the reviewing court is simply to ensure that the issuing judge had a substantial basis for concluding that probable cause existed. Id. at 238-39.

3

Even where probable cause is lacking, the court's inquiry does not end. Pursuant to United States v. Leon, 468 U.S. 897 (1984), in the absence of an allegation that the issuing judge abandoned a neutral and detached role, suppression is appropriate only if the affiant was dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. In Leon, the United States Supreme Court noted the strong preference for search warrants and stated that in a doubtful or marginal case a search under a warrant may be sustainable where without one, it would fall. Leon, 468 U.S. at 914.

> Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, . . . for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search. . . . Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, . . . and it is clear in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.

Id. at 922-23.

Pursuant to Leon, suppression remains an appropriate remedy: (1) where the magistrate issuing a warrant was mislead by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth, Franks v. Delaware, 438 U.S. 154 (1978); (2) where the issuing magistrate wholly abandons the judicial role and becomes a "rubber stamp" for the government; (3) where the officer relies on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. In Leon, the remedy of suppression was not ordered despite the fact that the affidavit in that case did not establish probable cause to search the residence in question. Further, the

information was fatally stale and failed to properly establish the informant's credibility. The standard announced in Leon is an objective standard.

## The Defendant's Contentions

The defendant contends that the affidavit did not support probable cause. Specifically, the defendant believes that probable cause is lacking because it did not disclose how often or when garbage is collected at the residence at issue. He further contends that drug residue in trash only amounts to probable cause when it is corroborative of other evidence such as statements from an informant. The defendant states that because the information concerning a high volume of short-term traffic at the residence was stale, the court should infer that the short-term traffic had ceased by the time the warrant was sought. Finally, the defendant notes that the garbage search was not repeated, that the test performed on the drug residue was only a presumptive field test, that there was no surveillance of the residence by the police, and no information as to the identity of those persons who visited the residence in the short-term traffic cited in the affidavit.

## Analysis

The information concerning a high volume of short-term traffic at the Allebach residence is certainly stale. The issue in this case then, is whether the presence of cocaine residue on drug packaging materials found in trash left at the curb of a residence is sufficient evidence upon which to base a finding of probable cause. This issue was squarely addressed in United States v. Briscoe, 317 F.3d 906 (8th Cir. 2003). In Briscoe, the court noted that earlier cases supported a finding of probable cause where drugs or drug paraphernalia in garbage corroborated other evidence used to establish probable cause. The issue in Briscoe was whether marijuana seeds and stems were sufficient "stand-alone evidence" to establish probable cause. In Briscoe, the court found that the marijuana stems and seeds recovered from the defendant's garbage were independently adequate to establish probable cause for the search warrant. As a result, the Eighth Circuit Court of Appeals did not even reach the good-faith exception found in Leon.

Briscoe is directly on point.  The presence of cocaine residue in the trash retrieved from the defendant's curb is sufficient to support a finding of probable cause.  Because of the Briscoe case, a police officer could obviously rely in good faith upon the issuance of the warrant by a neutral and detached judge.  Because probable cause existed for the warrant, defendant's claim about his admissions being derived from an illegal search is moot.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the defendant's October 10, 2006, motion to suppress evidence (docket number 12) be denied.

October 13, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date.  A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.