**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-116-LRR |
| vs. | **ORDER** |
| MICHAEL ALAN ALLEBACH, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

I.   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  *PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III. *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.  *THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.   *Relevant Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.   *Defendant's Objections* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        1.   *Probable cause in the warrant* . . . . . . . . . . . . . . . . . . . . *4*
        2.   **Leon** *good faith exception* . . . . . . . . . . . . . . . . . . . . . . . **8**

V.   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## *I. INTRODUCTION*

The matter before the court is Defendant's Response to Magistrate's Report and Recommendation ("Objections") (docket no. 20), regarding Chief Magistrate Judge John A. Jarvey's October 13, 2006 Report and Recommendation (docket no. 16), which recommends denying Defendant's Motion to Suppress Physical Evidence and Statements ("Motion to Suppress") (docket no. 12).

## II. PRIOR PROCEEDINGS

On September 8, 2006, Defendant was charged in a two-count Indictment. In Count 1, he was charged with possessing with intent to distribute 3.2 grams of cocaine base on or about December 1, 2005, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In Count 2, Defendant was charged with possessing 30.29 grams of powder cocaine with intent to manufacture 5 grams or more of cocaine base on or about December 1, 2005, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Indictment also contains a forfeiture allegation, in which the government seeks forfeiture of the real property located at 3803 Cedar Grove Court NE, Cedar Rapids, Iowa ("Defendant's Residence"), pursuant to 21 U.S.C. §§ 841(a)(1) and 853.

On October 10, 2006, Defendant filed the instant Motion to Suppress. On October 12, 2006, the government filed a Response to Defendant's Motion to Suppress Evidence ("Resistance"). On October 13, 2006, Magistrate Judge Jarvey issued a Report and Recommendation in which he recommends denying Defendant's Motion to Suppress. On October 25, 2006, Defendant filed his Objections.

## III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept,

> reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Because Defendant has made timely and specific objections in this case, the following *de novo* review is required.

## IV. THE MERITS

### A. Relevant Facts

Defendant does not object to the factual findings in the Report and Recommendation. The court finds that the Report and Recommendation accurately sets forth the relevant facts, and it shall adopt those facts.

### B. Defendant's Objections

Defendant objects to the legal conclusions in the Report and Recommendation. Namely, Defendant objects to Magistrate Judge Jarvey's reliance on *United States v. Briscoe*, 317 F.3d 906 (8th Cir. 2003), and he argues that *Briscoe* is factually distinct from the instant case. Defendant argues that the marijuana stems and seeds in *Briscoe* constituted a "physical mass significantly more substantial than what was simply described as 'residue' on two plastic bags" in this case. He further argues that "the evidence from the garbage search in *Briscoe* represents the absolute minimum evidence that can support a 'stand alone' basis for probable cause to issue a search warrant, and, that the evidence in this case is less compelling that this absolute minimum." Finally, Defendant argues that the physical evidence should be suppressed because only a field test (rather than a laboratory test) was conducted on the residue found in the plastic bags that were taken from Defendant's trash, and, therefore, the "test result was not specific for the presence of a controlled substance."

## C. Analysis

### 1. *Probable cause in the warrant*

A search warrant is not valid unless it is supported by probable cause. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006) (citing *United States v. Carpenter*, 422 F.3d 738, 744 (8th Cir. 2005)). "A court's determination of whether probable cause exists to support a warrant requires a consideration of the totality of the circumstances . . . ." *United States v. Turner*, 431 F.3d 332, 336 (8th Cir. 2005) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). "Probable cause supporting the search warrant exist[s] if the affidavit set[s] forth facts sufficient to create a fair probability that evidence of criminal activity [will] be found on the premises." *United States v. Gamboa*, 439 F.3d 796, 805 (8th Cir. 2006) (citing *United States v. Gumm*, 229 F.3d 698, 699 (8th Cir. 2000)); *see United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) ("The existence of probable cause depends on whether, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (quotations omitted)). The court should give "considerable deference" to the issuing judge's determination of probable cause. *Id.* (citing *United States v. Dishman*, 377 F.3d 809, 811 (8th Cir. 2004)).

When an issuing judge relies "solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *Solomon*, 432 F.3d at 827 (quotations omitted); *see United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006) ("Where there is no evidentiary hearing before the magistrate judge, the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." (quotations omitted)). "The affidavit should be examined under a common sense approach and not in a hypertechnical fashion." *Id.* (quotation omitted).

The court has reviewed the four corners of the affidavit and, giving the issuing state court judge "great deference," *see Gates*, 462 U.S. at 236, it finds probable cause existed to issue the search warrant for Defendant's Residence.

The court agrees with Magistrate Judge Jarvey's well-reasoned conclusion that "[t]he information concerning a high volume of short-term traffic at [Defendant's Residence] is certainly stale." (docket no. 16, at 5). Indeed, the information collected by the Cedar Rapids Police Department on July 1, 2005, was stale at the time the investigators searched the trash on November 23, 2005. *See generally United States v. Smith*, 266 F.3d 902, 904-05 (8th Cir. 2001) (discussing staleness in warrant applications). The court also agrees with Magistrate Judge Jarvey's ultimate conclusion that the presence of cocaine residue in the trash that investigators took from the curb of Defendant's Residence was "sufficient to support a finding of probable cause." (docket no. 16, at 6).

It is well-established that "the recovery of drugs or drug paraphernalia from the garbage contributes significantly to establishing probable cause." *Briscoe*, 317 F.3d at 908. The disputed issue here is whether the discovery of such items, alone, is enough to support a finding of probable cause. Or, as the Eighth Circuit Court of Appeals has stated, whether the discovery of drug residue and drug paraphernalia in Defendant's garbage is "sufficient *stand-alone* evidence to establish probable cause." *Id.* (emphasis in original).

In *Briscoe*, the Eighth Circuit Court of Appeals held that the search warrant was supported by probable cause where the only evidence considered was a trash search in which the officers discovered forty marijuana seeds and twenty-five marijuana stems that tested positive for the active component in marijuana. *Id.* at 906-08. The *Briscoe* court reasoned: "[N]ot only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law." *Id.* at 908 (citing 21 U.S.C. § 802(16) and Iowa Code

§ 124.101(17)). Therefore, the Eighth Circuit Court of Appeals concluded "that the marijuana stems and seeds recovered from [the defendant's] garbage were independently adequate to establish probable cause for the search warrant" and, therefore, did not examine whether the officers relied in good faith on the warrant under *United States v. Leon*, 468 U.S. 897 (1984). *Briscoe*, 317 F.3d at 909.

In *United States v. Timley*, 443 F.3d 615 (8th Cir. 2006), the Eighth Circuit Court of Appeals referred to the trash search in *Briscoe* and stated:

> Similarly here, the trash pulls established probable cause to believe Timley, or someone else at Timley's residence, was engaged in distribution of marijuana. One trash pull revealed eleven baggies with marijuana residue on them, leading to the inference that marijuana had been or was being packaged for distribution. Moreover, on the other trash pull, officers found a quantity of marijuana in a large trash bag, leading to an inference that marijuana had been transported in that bag and that it was more than a user quantity. As in *Briscoe*, distribution of marijuana is both a federal and state crime. 21 U.S.C. § 841(b)(1)(D); Mo. Rev. Stat. § 195.211.

*Timley*, 443 F.3d at 625. The Eighth Circuit Court of Appeals went on in *Timley* to conclude that the information regarding the two "trash pulls" was sufficient probable cause to support the warrant's issuance. *Id.*

Here, the investigators found cocaine residue in Defendant's trash, rather than the marijuana residue, seeds or stems that were discovered in *Briscoe* and *Timley*. The court, however, finds that this is a distinction without a difference. Here, the investigators found white residue, which field tested positive for cocaine, in Defendant's trash. Just as the possession of marijuana seeds is a federal and state crime, simple possession of cocaine is also a federal and state crime. 21 U.S.C. § 844(a); Iowa Code § 124.401(5) (2005).[1]

---

[1] Iowa Code § 124.401(5) has recently been amended by 2006 Iowa Legis. Serv. S.F. 1030 (S.F. 2253) (West), but the amendments are not relevant here.

Given the presence of the cocaine residue, plastic bags, "corner knots torn from plastic bags,"[2] a "white film canister with a white residue in it,"[3] and a "Brillo,"[4] there was, at the very least, a fair probability that some form of cocaine, whether powder or crack, was being *possessed and used* at Defendant's Residence. *See Gamboa*, 439 F.3d at 805 (explaining that "probable cause supporting a search warrant exist[s] if the affidavit set[s] forth facts sufficient to create a fair probability that evidence of criminal activity would be found on the premises"). The discovery of these items in the trash at Defendant's Residence is enough to establish probable cause.

Defendant's objection regarding the inconclusiveness of the field test is without merit. *See United States v. Wood*, 545 F.2d 1124, 1127 (8th Cir. 1976) (determining that when a suspect threw some white powder out of the car during an investigative stop and the powder field tested positive for cocaine, the officers then had probable cause to arrest the driver and search the car); *see also Molina ex rel. Molina v. Cooper*, 325 F.3d 963, 971 (7th Cir. 2003) (rejecting the defendants's argument that the field test results showing

---

[2] Plastic bags and the corners of plastic bags are commonly used to package controlled substances. *See, e.g.*, *United States v. Sandifer*, 188 F.3d 992, 993 (8th Cir. 1999) (noting that "plastic sandwich bags with the corners torn" are "commonly used to distribute crack").

[3] Film canisters are commonly used by drug users and dealers to store and carry controlled substances. *See, e.g.*, *United States v. Bustos-Torres*, 396 F.3d 935, 940 (8th Cir. 2005) (explaining that officers found "a substance appearing to be cocaine in a film container on the front passenger's door panel"); *United States v. Sanders*, 341 F.3d 809, 813 (8th Cir. 2003) (noting that officers found "[t]wenty packets of methamphetamine" in a film canister in a suspect's front pocket).

[4] Brillo pads are often used as a filter by those who smoke crack cocaine. *See United States v. Lewin*, 900 F.2d 145, 147 (8th Cir. 1990) (noting that an "officer explained that Brillo pads are considered to be drug paraphernalia because small pieces of steel wool are often used as filters in pipes used to smoke crack").

the presence of cocaine on items seized during a trash rip were false and stating that "[t]he officers had no duty to send the garbage items to a lab before applying for a warrant").

Defendant's "physical mass" and "absolute minimum evidence" arguments are without merit. Nowhere in *Briscoe* or *Timley* did the Eighth Circuit Court of Appeals create a new test; officers are not required to find a certain number of marijuana seeds, at least one ounce of residue, or some other minimum quantity of controlled substance before evidence from a trash search is enough evidence, standing alone, to establish probable cause. Instead, the Eighth Circuit Court of Appeals reiterated the well-established principle that "the recovery of drugs or drug paraphernalia from the garbage contributes *significantly* to establishing probable cause" and extended the principle because "the simple possession of marijuana seeds is itself a crime under both federal and state law." *Briscoe*, 317 F.3d at 908 (emphasis added). Therefore, the court rejects Defendant's "absolute minimum evidence" argument.

### 2. **Leon** *good faith exception*

Alternatively, even if the court has erred and there was no probable cause supporting the warrant, the court finds that the officers who executed the warrant relied upon its validity in good faith. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court created a good faith exception to the warrant requirement. *Id.* at 913. That is, the Supreme Court determined that evidence "seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate" is admissible, even if the warrant is later found to lack probable cause. *Id.* The Eighth Circuit Court of Appeals has summarized the *Leon* good faith exception:

> Where a search is conducted pursuant to a warrant, the good faith exception to the exclusionary rule applies, and evidence should not be suppressed due to an absence of probable cause unless the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *Leon*, 468 U.S. at 923). "When assessing the objective reasonableness of officers executing a warrant, we 'must look to the totality of the circumstances.'" *United States v. Johnson*, 78 F.3d 1258, 1263 (8th Cir. 1996) (quoting *United States v. Simpkins*, 914 F.2d 1054, 1057 (8th Cir. 1990)). "Seeking the advice of an attorney can be factored in to determine if an officer's conduct is objectively reasonable." *Id.* at 1264.

Here, there is no accusation that the state court judge was not "neutral and detached." *Leon*, 468 U.S. at 913-14. Moreover, the search warrant was not only signed by a neutral and detached state court judge, but it was also signed by an Assistant Linn County Attorney. This fact militates in favor of finding that the executing officers' reliance upon the search warrant was objectively reasonable. *See Johnson*, 78 F.3d at 1264 (finding the officer's reliance on the validity of the search warrant "objectively reasonable" where the officer had submitted the facts to an Assistant County Attorney who had advised the officer to seek a search warrant). The court holds that the *Leon* good faith exception to the exclusionary rule is applicable here. The officers were objectively reasonable in their reliance on the state court judge's legal determination that the search warrant was valid. *Leon*, 468 U.S. at 913.

## *V. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) The objections in Defendant's Response to Magistrate's Report and Recommendation (docket no. 20) are **OVERRULED**;

(2) Chief Magistrate Judge John A. Jarvey's October 13, 2006 Report and Recommendation (docket no. 16) is **ADOPTED**;

(3) Defendant's Motion to Suppress Physical Evidence and Statements (docket no. 12) is **DENIED**; and

(4) The time between the filing of Defendant's Motion to Suppress Physical Evidence and Statements and the date of this Order is hereby excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 2nd day of November, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA